**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ARENA IP, LLC,** | ) | |
|     **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:23-cv-00238** |
| **v.** | ) | |
| | ) | |
| **EXTREME NETWORKS, INC.** | ) | **JURY TRIAL DEMANDED** |
|     **Defendant.** | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Arena IP, LLC ("Plaintiff" or "Arena") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,320,820 ("the '820 patent") (referred to as the "Patent-in-Suit") by Extreme Networks, Inc. ("Defendant" or "Extreme").

### I. THE PARTIES

1. Plantiff is a Limited Liability Company with its principal place of business located 117 Bryn Mawr Drive SE, Albuquerque, NM 87106.

2. On information and belief, Defendant is a corporation organized and existing under the laws of the State of DE, with a principle address of 6480 Via Del Oro, San Jose, CA 95119 and has regular and established places of business throughout this District as evidenced by Defendant's website advertising at least 2 job openings in Dallas, TX including positions such as Senior Account Executive and Senior Systems Engineer. *See* https://jobs.lever.co/extremenetworks?locations=Texas%2C%20United%20States. Extreme employs multiple personnel including a VP/CHRO – Transformational Business Leader, a VP Global Channel AMrketing, and a Wireless Software Engineer in the Northern District of Texas,

in particular Dallas, Texas. *See* https://www.linkedin.com/company/extreme-networks/people/?keywords=dallas. On information and belief Extreme provides business equipment such as computers, printers, and Extreme business software to its personel in the Northern District of Texas, at least in the homes of Extreme's employees. Defendant is registered to do business in Texas and has may be served via its registered agent CT Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.

**II.     INFRINGEMENT - Infringement of the '820 Patent**

3. On November 27, 2012, U.S. Patent No. 8,320,820 ("the '820 patent", included as Exhibit A and part of this complaint) entitled "Self-contained Data Communication System Nodes As Stand-alone Pods Or Embedded In Concrete Walkways And In Walls At Public Venues Including Sports And Entertainment Venues" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '820 patent by assignment.

4. The '820 patent relates to novel and improved methods and systems for communications of video and data to hand held devices located within a public venue.

5. Defendant maintains, operates, and administers systems, products, and services that infringes one or more of claims 1-21 of the '820 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '820 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

6. Support for the allegations of infringement may be found in the the chart attached as exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

7. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., system supporting communications of video and data to hand held devices located within a public venue) such as to cause infringement of one or more of claims 1-21 of the '820 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '820 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

8. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., system supporting communications of video and data to hand held devices located within a public venue) and related services such as to cause infringement of one or more of claims 1-21 of the '820 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '820 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

9. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '820 patent.

### III. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

---

[1] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '820 patent;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g. award Plaintiff such other and further relief as this Court deems just and proper.

DATED: February 1, 2023                Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey. III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for ARENA IP, LLC*